CHARLES BRICE V. STATE

No. 25317. June 6 1951.
State's Motion for Rehearing Denied October 17, 1951.

Honorable H. H. Rankin, Jr., Judge Presiding.

*Kelley, Looney, McLean & Littleton,* by *L. C. McLean,* Edinburg, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was charged by complaint and information with the violation of Art. 654, P.C., known as the Texas Lottery Law and, upon a plea of not guilty before the court, was convicted and assessed a fine of $200.

The appeal presents only the contention that the evidence is insufficient to sustain the conviction.

Mr. Jim Childress, Manager of White's Auto Stores in McAllen, was the only witness.

Called by the state, he testified that appellant was responsible for the prizes, the advertising and the giving away of prizes offered on the occasion of the opening of their store in McAllen on August 26, 1950.

The witness identified the state's exhibits which consisted of a registration card and a newspaper advertisement of the drawing for some $1,000 in prizes.

As shown by the exhibits and the testimony, anyone could register once each day for the three-day period and thus become eligible for the drawing by going to the mezzanine floor and writing their name, address and telephone number on a registration card. Some six or eight thousand cards were filled out prior to the drawing held at the store when the prizes shown in the state's second exhibit were given away.

One could not be a prize winner without so registering at the store and, as it was widely advertised, no registrant was required to buy anything or to be at the store at the time of the drawing.

Our statutes do not attempt to define what constitutes a lottery.

In Cole v. State, 133 Tex.Cr.R. 548, 112 S.W. 2d 725, 730, this court, speaking through Judge Hawkins in his concurring opinion, said:

"Having no definition in our statute, we must resort to the meaning given the term by popular usage as determined by the various courts. When this is done, it is clear that three things must concur to establish a thing as a lottery: (a) A prize or prizes; (b) the award or distribution of the prize or prizes by chance; (c) the payment either directly or indirectly by the participants of a consideration for the right or privilege of participating."

These essential elements of a lottery were again recognized by this court in Smith v. State, 136 Tex.Cr.R. 611, 127 S.W. 2d 297, wherein a so-called "Noah's Ark" scheme was held to be a lottery. See also 28 Tex. Jur. 409, Sec. 2; 34 Amer. Jur. 648.

It is conceded that the first two of these elements are shown by the proof, the sole contention of appellant being that the undisputed facts fail to show the third, that is, the payment either directly or indirectly by the participants of a consideration for the, right or privilege of participating in the drawing.

As we construe the Cole case, affirmance was based upon the holding that the scheme called "Bank Nite" was but a subterfuge; that it was the purpose and plan of the accused to increase the patronage of his show; that the cost of the ticket constituted a consideration also for the chance, and the fact that others might get chances at the drawing without consideration did not materially affect such scheme.

Judge Hawkins, in the Cole case, further said:

"It occurs to the writer that the vice in the scheme—the things which make it a subterfuge—are the following: The party who is in the theater is immediately present to identify himself if perchance the number corresponding to the party's name on the book be drawn. If a number be drawn which corresponds to the name of some one not in the theater, it appears to be a remote probability that such a one will be able to appear in the theater and identify himself within the short time allowed, and no possibility for such identification if the holder

on the number drawn is not in the immediate vicinity of the theater. Therefore, it appears plain that *those who have paid admission to the theater are in a more favorable position to claim the prize than one on the outside, although the names of both have been registered in the book without charge.*"

In Griffith Amusement Co. v. Morgan (Civ. App.), 98 S.W. 2d 844, wherein a temporary injunction had been granted by the district judge upon a finding that the "Bank Nite" plan operated by a motion picture theater owner was a lottery, the question was that now before us, that is, whether the essential element of a valuable consideration paid directly or indirectly by the registrants was shown.

The case of Yellow-Stone Kit v. State, 88 Ala. 196, 7 So. 338, 7 L.R.A. 599, 16 Am.St.Rep. 38, was cited with approval by the Austin Court of Civil Appeals wherein the Alabama Court said:

"The fact that the holder of the drawing expects thereby to receive, or in fact does receive, some benefit in the way of patronage or otherwise, as a result of the drawing, does not supply the element of consideration paid by the chance holder for the chance.

"The holding in the Alabama case, supra, is thus stated in the syllabus: 'Distributing prizes by lot or chance to holders of tickets given away is not carrying on a lottery, although it may be done with the view of drawing a large crowd together in the hope of profit from such of them as may choose to buy medicines from the distributor, or tickets to performances given by him, or to pay for seats in the tent where the prizes are selected, where no payment for any purpose is necessary as a condition of reciving a prize.'

"And further from the opinion: 'If the distribution is a pure gift or bounty, and not in name or pretense merely, which is designed to evade the law,—if it be entirely unsupported by any valuable consideration moving from the taker,—there is nothing in this mode of conferring it which is violative of the policy of our statutes condemning lotteries, or gaming.'"

Cases from other jurisdictions to the same effect were discussed by the Austin court, as well as the case of Maughs v. Porter, 157 Va. 415, 161 S.E. 242, said to be the only case dealing with the subject of lottery which holds that attendance at a

place by the holder of a chance constitutes a sufficient consideration to make the scheme a lottery.

The question of whether or not such plan is condemned as being against public policy by reason of Art. III, Sec. 47, of the Constitution is not for this court to decide. See City of Wink v. Griffith Amusement Co., 129 Tex. 40, 100 S.W. 2d 695.

Under the authorities mentioned, we must conclude that in the absence of any character of favoritism shown to customers, the lottery statute, Art. 654, P.C., is not violated under a plan whereby a merchant awards a prize or prizes by chance to a registrant without requiring any registrant to be a customer or to purchase merchandise or to do other than to register without charge at the store, though the donor may receive a benefit from the drawing in the way of advertising.

The evidence is therefore insufficient to sustain the conviction.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

### ON STATE'S MOTION FOR REHEARING

BEAUCHAMP, Judge.

Our able State's Attorney has filed an exhaustive brief in connection with his motion for rehearing in this case. His discussion of the cases relied upon is quite enlightening. We cannot agree, however, with his contention that Cole vs. State, supra, has been discredited.

The portion of that opinion quoted by Judge Woodley is, without question, the rule by which this court should measure the record in the instant case. The crux of the opinion lies in the third section, or section "c", reading as follows: "the payment either directly or indirectly by the participants of a consideration for the right or privilege of participating."

The "consideration" in this case which moves from the parties participating in the drawing for the prize, or prizes, to appellant is entirely fanciful. It is not sufficiently substantial to be classed as a reality. If the people who registered are to

be construed to have paid a consideration by merely stepping into the house and signing their names, we would find ourselves in conflict with all the decisions of our civil courts on questions of contract involving a consideration. It would hardly be necessary to discuss the question if involved in a civil action. Just why we should use a different rule to measure a consideration is not understandable. We think the rule in the Cole case should be reaffirmed, so far as it applies to the facts of this case, and such will be our holding.

The state's motion for rehearing is overruled.