

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

October 31, 1957

Honorable Nelson R. Sharpe
Assistant District Attorney
Kleberg County Courthouse
Kingsville, Texas

Opinion No. WW-295

Re: Whether a certain sales promo-
tion scheme is a lottery in viola-
tion of the Texas Penal Code.

Dear Mr. Sharpe:

You have requested an opinion as to whether a certain sales
promotion scheme is in violation of the Texas Lottery laws. You have stat-
ed that the sales promotion scheme in question known as "Lucky Day", is
as follows:

A business house totals its monthly sales and then divides
the number of working days in the month into the total monthly sales to de-
termine the average daily sales. At the end of the month the daily sales
for each working day is computed and the day of the month on which the
sales most nearly approach the average daily sales for that month is de-
clared the "lucky day". All customers who made purchases of merchand-
ise on the "lucky day" receive a refund of the entire purchase price of the
articles so purchased.

Article III, Section 47, of the Constitution of Texas, pro-
vides:

"The Legislature shall pass laws prohibiting the
establishment of lotteries and gift enterprises in this State,
as well as the sale of tickets in lotteries, gift enterprises
or other evasions involving the lottery principle, established
or existing in other States."

Article 654, Penal Code of Texas, 1925, provides:

"If any person shall establish a lottery or dispose of
any estate, real or personal, by lottery, he shall be fined not
less than one hundred nor more than one thousand dollars; or
if any person shall sell, offer for sale or keep for sale any
ticket or part ticket in any lottery, he shall be fined not less
than ten nor more than fifty dollars."

There is no Texas statute which defines a lottery, but the Texas courts have consistently adopted the following definition: A lottery is a scheme for the distribution of prizes by lot or chance among persons who have paid or who have agreed to pay a valuable consideration for the opportunity to win these awards. The Texas courts have consistently held that a lottery consists of three essential elements, namely, (1) a prize or prizes, (2) the award or distribution of the prize or prizes by chance, and (3) the payment either directly or indirectly by the participants of a consideration for the right or privilege of participating. City of Wink v. Griffith Amusement Company, 129 Tex. 40, 100 S.W.2d 695 (1956); Cole v. State, 133 Tex.Crim. 548, 112 S.W.2d 725 (1938); Smith v. State, 136 Tex.Crim. 611, 127 S.W.2d 297 (1939); Brice v. State, 242 S.W.2d 433 (Tex.Crim. 1951).

The sales promotion scheme that you have described is one whereby a merchant invites customers to purchase his merchandise with the offer that the consideration that the customer exchanges for the merchandise will cover the purchase price of the merchandise and the chance to win a prize, i.e., the right to participate in the merchant's "lucky day". It seems clear that such a scheme falls within the court's definition of a lottery and the three essential elements of a lottery, (1) prize, (2) chance, and (3) consideration, are present. It is, therefore, our opinion that such a sales promotion scheme is in violation of Article 654, Penal Code of Texas, 1925.

## SUMMARY

A sales promotion scheme whereby a business house establishes a "lucky day" and refunds to customers who made purchases of merchandise on the "lucky day" the purchase price of the articles so purchased, is a lottery and in violation of Article 654, Penal Code of Texas, 1925.

APPROVED:

OPINION COMMITTEE:

H. Grady Chandler, Chairman
J. C. Davis, Jr.
W. V. Geppert
C. K. Richards
John Minton
George P. Blackburn

REVIEWED FOR THE
ATTORNEY GENERAL

BY: James N. Ludlum

Yours very truly,

WILL WILSON
Attorney General of Texas

By *Richard B. Stone*
Richard B. Stone
Assistant Attorney General