

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 15, 1957

Honorable Wayne Pearson
County Attorney
Kaufman County
Kaufman, Texas

Dear Mr. Pearson:

Opinion No. WW-217

Re: Whether a radio program
entitled "Lucky Buck" is
a lottery under the facts
submitted

You have requested an opinion concerning whether a certain radio program constitutes a lottery under facts submitted in your request as follows:

"The station advertises the fact that on a given date representatives of the station will appear at a certain business establishment located within the city and at a given time will announce certain numbers. People in the audience will be asked to examine dollar bills, which are owned by the individuals, in possession of the individuals, to determine whether or not the number given by the radio station corresponds with the numbers appearing on the dollar bills. In the event such a corresponding number is found the person in possession of that dollar bill wins a money prize. The station has already put the program into effect and is presently conducting the program at the drive-in theater. The drive-in theater is an advertiser of the station; however, I am advised that no addit'onal amount is being charged because of the "Lucky Buck" program and the cost of the program is being borne by the radio station. Of course, to be eligible to participate in the program one must pay admission to the theater. It is the plan of the radio station to move the program to different business establishments, some of which may not be their advertisers; however, the station admits that in conducting the program on premises of a non-advertiser the purpose is to create good will on the part of the owner with the hope that he may later become an advertiser with the radio station. It is not their intention to charge anything extra for advertising because of the holding of the "Lucky Buck" program at that

particular place of business.  As the plan is now being conducted, it is not at every announcement of a number that there is a winner for the reason that the number called out may not correspond with any of the numbers appearing on dollar bills in possession of persons appearing at the place where the program is being conducted, and I am advised that although the same has been carried on at the drive-in theater for several nights, to date no winner has been found."

Your question reads as follows:

"I would appreciate very much your opinion on whether or not the program is a lottery when carried on in the above type instances, to-wit:

"1.   A motion picture theater where admission is charged;
"2.   At a place of business where no admission is charged, but is an advertiser of the radio station;
"3.   At a place of business not an advertiser with no admission charged;
"4.   A civic club meeting where no admission is charged and no future advertising expected from the club as such."

Section 47 of Article III of the Constitution of Texas provides:

"The Legislature shall pass laws prohibiting the establishment of lotteries and gift enterprises in this State, as well as the sale of tickets in lotteries, gift enterprises or other evasions involving the lottery principle, established or existing in other States."

Article 654, Vernon's Penal Code, provides:

"If any person shall establish a lottery or dispose of any estate, real or personal, by lottery, he shall be fined not less than one hundred nor more than one thousand dollars; or if any person shall sell, offer for sale or keep for sale any ticket or part ticket in any lottery, he shall be fined not less than ten nor more than fifty dollars."

Honorable Wayne Pearson, page 3  (WW-217)

Every lottery, as judicially defined in this State, consists of three essential elements, namely:  (1) a prize or prizes, (2) the award or distribution of the prize or prizes by chance, and (3) the payment either directly or indirectly by the participants of a consideration for the right or privilege of participating. Cole v. State, 133 Tex.Crim. 548, 112 S.W.2d 725 (1938); City of Wink v. Griffith Amusement Company, 129 Tex. 40, 100 S.W.2d 695 (1936); Smith v. State, 136 Tex.Crim. 611, 127 S.W.2d 297 (1939); Brice v. State, 242 S.W.2d 433 (Tex.Crim. 1951).

Since the elements "prize" and "chance" are clearly present in the facts outlined in your request, your question involves the presence or absence of the element of consideration.  In passing on this question the Texas Courts have held that "bank nite" contests held in theaters constitute a lottery and state that the purpose of such scheme is to increase the patronage to the theater and that the cost of the ticket constituted a consideration for the chance.  The distribution of "free" chances was considered a subterfuge and did not have the effect of removing the element of consideration from an otherwise illegal scheme. City of Wink v. Griffith Amusement Company, supra; Cole v. State, supra.

Likewise, the so-called "Noah's Ark" scheme has been condemned as a lottery.  This promotional enterprise involved a number of merchants who paid license fees to a promoter who distributed cards to the merchants who, in turn, gave them to persons entering their stores in exchange for box tops and other evidences of purchases.  The cards so distributed were chances for a prize. Smith v. State, 136 Tex.Crim. 611, 127 S.W.2d 297 (1939).

However, in Brice v. State, 242 S.W.2d 433 (Tex. Crim. 1951), the Court held that the granting of prizes at the opening of the new retail store, did not constitute a lottery. In this case, the general public was invited to register for a contest held at the opening of the store, and none of the chances for the awards were distributed on the basis of purchase.

In view of the foregoing, you are advised that the radio program is a lottery when the activities described in your letter are conducted at "a motion picture theater where admission is charged."

You are further advised that the radio program does not constitute a lottery when the activities described in your

letter are conducted (1) "at a place of business where no admission is charged, but is an advertiser of the radio station," (2) "at a place of business not an advertiser with no admission charged", and (3) at "a civic club meeting where no admission is charged and no future advertising expected from the club as such", for the reason that the element of consideration is not present under such circumstances.

## SUMMARY

A radio program whereby cash prizes are given by chance to individuals present at a business establishment constitutes a lottery when such activity is conducted at a place of business where admission is charged but does not constitute a lottery when the activities are conducted (1) "at a place of business where no admission is charged, but is an advertiser of the radio station" (2) "at a place of business not an advertiser with no admission charged", and (3) "a civic club meeting where no admission is charged and no future advertising expected from the club as such", for the reason that the element of consideration is not present under such circumstances.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *John Reeves*
John Reeves
Assistant

JR:zt

APPROVED:

OPINION COMMITTEE
H. Grady Chandler, Chairman
W. V. Geppert
Wallace Finfrock
B. H. Timmins, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY:
Geo. P. Blackburn