

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

June 23, 1959

This Opinion
Overrules Opinion
# WW-222 and o-5286
Where conflict

Honorable George E. Gilkerson
District Attorney
Lubbock County Courthouse
Lubbock, Texas

Opinion No. WW-652

Re: Whether a proposed game
known as "Orbit" would con-
stitute a violation of the
lottery laws, Article 654,
Vernon's Penal Code.

Dear Sir:

You have requested an Opinion as to whether a game called "Orbit" would be a violation of Article 654 of Vernon's Texas Penal Code. The game "Orbit" as described in your request and in the advertising materials which you forwarded is similar to the well-known game of "Bingo" and the game of "Play Marko" as discussed in Attorney General Opinion WW-222.

Players play "Orbit" through a local television program for prizes. The cards carry advertising and are made available at participating stores. There is no obligation to buy any goods in order to be given a card and direct mailing to homes in a trading radius of each of the participating stores will be made. Each week three games of "Orbit" are played and one game of "Space" is played. "Space" is like "Orbit", but only people who have won at "Orbit" are eligible to play.

The only basic difference between "Orbit" and "Play Marko" is that "Orbit" cards are mailed within the trade radius while "Play Marko" cards were only available at the participating stores. Attorney General Opinion WW-222 held that "Play Marko" was a lottery.

It is well settled that a lottery consists of three essential elements, namely: (1) a prize or prizes, (2) the award or distribution of the prize or prizes by chance, and (3) the payment either directly or indi-rectly by the participants of a consideration for the right or privilege of participating. Cole v. State, 133 Tex. Crim. R. 548, 112 S.W.2d 725-730 (1937).

It is clear that the essential elements of "prize" and "chance" are present; the question raised here is whether there was payment of consi-deration. There is no "skill" question asked of winners as in "Play Marko".

In Brice v. State, 156 Tex. Crim. R. 372, 242 S.W.2d 433 (1951), the Court of Criminal Appeals stated:

"Under the authorities mentioned, we must conclude
that in the absence of any character of favoritism
shown to customers, the lottery statute, Art. 654, P.C.,
is not violated under a plan whereby a merchant awards
a prize or prizes by chance to a registrant without re-
quiring any registrant to be a customer or to purchase
merchandise or to do other than to register without
charge at the store, though the donor may receive a
benefit from the drawing in the way of advertising."

Following this view, there is no consideration passing from the
participants and, therefore, there is no lottery in the present case.  The
facts in the present case are even less like a lottery than the facts in
the Brice case because in the present case the participant need not go to
the store to pick up the "Orbit" card.  See also Attorney General Opinions
V-167, S-49 and MS-94.

This opinion overrules Attorney General Opinions WW-222 and O-2286
insofar as they conflict with the holding of this opinion.

## SUMMARY

The game "Orbit" is not a lottery in
violation of Article 654, Vernon's
Penal Code, because it does not in-
volve all the elements of a lottery,
namely:  (1)  getting a prize, (2)
based on chance, and (3)  the pay-
ment of a consideration for partici-
pation in the game, because the ele-
ment of consideration is lacking.

Very truly yours,

WILL WILSON
Attorney General of Texas

By

Cecil Cammack, Jr.
Assistant Attorney General

CC:aw

APPROVED:

OPINION COMMITTEE:

C. K. Richards, Chairman

J. C. D vis Jr.
J. Arthur Sandlin
Gordon C. Cass
W. Ray Scruggs

REVIEWED FOR THE ATTORNEY GENERAL
BY:
    W. V. Geppert