

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 14, 1960

Honorable R  L  Lattimore
Criminal District Attorney
Edinburg, Texas

Dear Mr. Lattimore:

Opinion No. WW-934

Re: Legality of Gold Chip Mer-
chandising Plan under the
facts submitted.

We have received your request for our opinion as to the legality of the Gold Chip Merchandising Plan in light of the facts submitted.  As you suggest, the plan has two distinct and separate aspects.

First, customers receive one Gold Chip for every dollar spent with a participating merchant.  These chips may be accumulated and redeemed at a bank for a certificate which, in turn, is redeemable for cash or merchandise. In so far as this portion of the plan is concerned, we agree with you that this differs little from a discount or trading stamp plan now in general use, and is not a lottery.

Second, anyone, whether a customer or not, may secure an application blank from any participating merchant and send it, properly filled out, to the Gold Chip Company who, in turn, will forward the applicant a serially numbered 'Treasure Chest'.  From time to time the local radio station will select and announce lucky numbers.  The person who holds the 'Treasure Chest' corresponding in number to the one drawn is eligible for a prize after answering a token 'skill' question.

In your request you state:

"It is to be noted that any person, regardless of whether or not he is a customer of any of the participating merchants, may obtain one of the above mentioned Treasure Chests upon application. When he does so, he is entitled and will participate in the drawing of the lucky numbers, without having any gold chips."

Assuming the facts as you have given them, it is clear that no purchase must be made by anyone to become eligible to secure a 'Treasure Chest' and to win a prize if selected.  Such being the case, in our opinion this second feature of the 'Gold Chip Plan' is not a lottery because of the lack of consideration.  See Attorney General's Opinions WW-652 (1959) and Brice v. State, 156 Tex. Crim. R. 372, 242 S.W.2d 433.  Like you, we do not attach significance

to the token 'skill' question required of the lucky winner of the drawing before the award is made because if the winner of the drawing paid any consideration therefor, then the exhibition of 'skill' would not remove the element of chance.

Although we do not believe that the facts you present constitute a lottery, a slight variation in the mechanics of the plan could make the operation illegal by introducing the element of consideration. This Opinion is based solely upon the facts you submitted.

SUMMARY

The Gold Chip Merchandising Plan does not constitute a lottery under the facts submitted because of the absence of consideration.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: TOM I. MCFARLING
Assistant

TIM:ca


APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Virgil Pulliam
Jim Ryan
Leon F. Pesek

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore