

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

May 26, 1960

Honorable Jack E. Hightower
District Attorney
Vernon, Texas

Opinion No. WW-843

Re: Whether a "profit-sharing
bonus card" distributed
by a grocery constitutes
a lottery scheme as defin-
ed in the Penal Code?

Dear Mr. Hightower:

You have asked us whether the use of a "Bonus Card" as defined below is in fact a lottery as that term is defined in the Penal Code of Texas.

The "Bonus Card" bears the name of a merchant and his address, and has a serial number printed thereon. Printed around the edge of the card are a series of money values ranging from 10¢ to $2.00, for a total of $100.00. These numbers or money values are designed to be punched out with a hand punch each time the customer makes a purchase at the issuing store. There is also a punch record at one end of the card to record the number of store visits by the customer. Thirty visits may be recorded. On each card is sewed a small square seal. Under the seal there is printed a bonus amount from 10¢ to $1,000.00, and a skill question.

The "Bonus Card" is given free to each customer. The amount of any purchase is punched on the edge. Each Friday the customer can get a free $2.00 punch. One free store-visit punch is made each week, punching out "1" on the 1st week, "2" on the 2nd week, etc. If a customer doesn't start her card until the 5th week, "5" is punched. Bonus store-visit punches are offered from time to time. The bonus punches are started at "30" and work backward to the actual number of weeks.

When the "Purchase Record" is completely punched, the card will be given to the manager, at which time he will re-explain to the customer how she can receive the "Extra Bonus up to $1,000.00." She is already entitled to $1.00 in "Shared Profits".

When the "Store Visit Record" is completely punched, the card will be given to the manager, at which time he will break the seal to determine the amount of extra bonus the customer can win. To qualify for the Extra Bonus, the customer must be able to answer the questions printed under the seal. (A "fact sheet" is provided free to customers which will be given them the "skill" to answer any of the questions on the cards.)

The above plan constitutes a lottery and is a violation of Article 654, Vernon's Texas Penal Code.

It is well settled that a lottery consists of three essential elements, namely:  (1) a prize or prizes, (2) the award or distribution of the prize or prizes by chance, and (3) the payment either directly or indirectly by the participants of a consideration for the right or privilege of participating.  Cole v. State, 133 Tex. Crim. R. 548, 112 S.W.2d 725-730 (1937).

There can be no dispute that the first element is present.  The prizes range from $1.00 to $1,000.00.

That there is an element of chance present cannot be questioned. Although everyone receives something, the amount of the prize is based upon chance.  The presence of a "skill" question does not alter the fact that chance is the dominating element.  Attorney General's Opinion No. V-238.

Brice v. State, 156 Tex. Crim. R. 372, 242 S.W.2d 433 (1951), held that there was no consideration passing from the participant to the merchant where there was no requirement that any registrant "be a customer or . . . purchase merchandise or . . . do other than . . . register without charge at the store, though the donor may receive a benefit from the drawing in the way of advertising".  In the present case the plan is designed solely for customers.  This office has made it clear (Attorney General's Opinion WW-840) that in any scheme where the customer is given an advantage over the non-customer, the element of consideration is present.

Since the three elements of a lottery are present, use of a "profit-sharing bonus card" constitutes a lottery under the laws of the State of Texas.

## SUMMARY

The use of a "profit-sharing bonus card" distributed by a grocery constitutes a lottery scheme as defined in the Penal Code.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: Cecil Cammack, Jr.
Assistant

CC:aw

APPROVED:

OPINION COMMITTEE:

W. V. Geppert, Chairman

Marvin Brown
Tom Burrus
Charles D. Cabaniss
James Farris

REVIEWED FOR THE ATTORNEY GENERAL
BY:
    Leonard Passmore