

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

November 14, 1961

Honorable Bill Pemberton
County Attorney
Hunt County Courthouse
Greenville, Texas

Opinion No. WW-1192

Re: Whether a proposed
advertising plan
would constitute a
violation of the
lottery laws, Article
654, Vernon's Penal
Code?

Dear Sir:

You have requested an opinion as to whether a proposed advertising scheme would be a violation of Article 654, Vernon's Texas Penal Code. We quote from your description of the game as follows:

"The proposed advertising scheme provides for an advertising agency working through our local Chamber of Commerce to contact various merchants in our city and to collect from each merchant a set fee whereby each merchant paying shall be eligible to participate in the advertising scheme. After each merchant has paid his fee he is given a book of registration tickets that are numbered, all tickets having different numbers.

Through advertising media the general public is invited to come to the places of business of the various participating merchants to register one time only, free and without charge. There is no charge whatever to register and the right to register is not restricted in any manner, anyone being able to register.

Periodically, the promoters of the scheme visit the participating merchants and pick up all registration cards and take the numbers from the cards and stamp the numbers upon small individual balls which balls are then placed in a cage type container. Then the promoter draws from the cage

container 800 balls with numbers thereon and then from a list prepared by use of the registration cards obtains the names of the registrants corresponding to the numbers. Then, these 800 names are typed upon post cards in the form of invitations and mailed to the 800 individuals inviting them to appear free of charge, at a theatre on a designated date at a specified time.

At the designated time and date the 800 balls with numbers thereon theretofore drawn will be placed in another cage container and three numbered balls will be drawn from the wire cage. These three numbers are checked against the list theretofore prepared and the three names are to be called to the audience of 800. If the parties whose names are called are present they are allowed to participate in a quiz type program whereby they are given an opportunity to choose a category they might be familiar with in order to answer questions propounded to them in such category. If he or she correctly answers the questions the participant receives a prize, such as a free trip or cash money.

If the participant whose name is called is absent then, in that event, the promoters award to him a consolation prize in a lesser amount than the prize he would have won had he been there and correctly answered a question.

It might be added that the cost of the entire operation is derived from the fees paid to the promoters by the participating merchants." (Emphasis added.)

It is further pointed out in your request that "absolutely no prerequisite requirement of purchase from any merchant in order to participate or register is required."

Article 654, Vernon's Penal Code, prohibits the establishment and operation of a lottery, and the disposition of property by lottery, but does not define a lottery. The courts have, therefore, adopted a definition based upon the general understanding of the term "lottery" and it is well established that three things must occur to constitute an advertising

scheme a lottery and these are: (a) a prize or prizes; (b) the award or distribution of the prize or prizes by chance; (c) the payment, either directly or indirectly, by the participant of a consideration for the right or privilege of participating. Cole v. State, 112 S.W. 2d 725. (Tex. Crim. 1937), Brice v. State, 242 S.W. 2d 433, (Tex. Crim. 1951), Smith v. State, 127 S.W. 2d 297, (Tex. Crim. 1939).

It is obvious that the proposed plan that you have placed before us has the first two elements, to-wit: (a) a prize or prizes, and (b) the element of chance, because prizes are awarded and the persons who are allowed to participate in the "quiz contest" are chosen purely by chance.

The only question is whether or not under (c) there is a consideration present which would constitute the plan a lottery. Please note that the consideration must be paid by the participant.

Does the requirement that the participant go to the store and register constitute the payment of a consideration? The Court of Criminal Appeals in Brice v. State, holds that it does not. In fact the Brice case is decisive of the question before us.

Quoting with approval from an Alabama case the Brice opinion states:

> "The fact that the holder of the drawing expects thereby to receive, or in fact does receive, some benefit in the way of patronage or otherwise, as a result of the drawing, does not supply the element of consideration paid by the chance holder for the chance...."

> "...if it be entirely unsupported by any valuable consideration moving from the taker,-- there is nothing in this mode of conferring it which is violative of the policy of our statutes condemning lotteries, or gaming....'"

As to whether going to the store and registering constitutes a consideration the opinion further says:

"Under the authorities mentioned, we must conclude that in the absence of any character of favoritism shown to customers, the lottery statute, Art. 654, P. C., is not violated under a plan whereby a merchant awards a prize or prizes by chance to a registrant without requiring any registrant to be a customer or to purchase merchandise or to do other than to register without charge at the store, though the donor may receive a benefit from the drawing in the way of advertising."

The opinion is made definite and positive by Judge Beauchamp in overruling the motion for rehearing wherein he says:

"The crux of the opinion lies in the third section, or section "c", reading as follows: "the payment either directly or indirectly by the participants of a consideration for the right or privilege of participaing."

The "consideration" in this case which moves from the parties participating in the drawing for the prize, or prizes, to appellant is entirely fanciful. It is not sufficiently substantial to be classed as a reality."

Our opinion is in accord with Attorney General's Opinion No. WW-652. Our holding herein is limited to the stated fact situtation.

## SUMMARY

The proposed advertising plan which you describe is not a lottery because the third element essential to a lottery, viz., the payment of a consideration by the participant is absent. Prior Attorney General's Opinion No. WW-652.

Yours very truly,

WILL WILSON
Attorney General of Texas

By W. Ray Scruggs
Assistant

WRS:lp

Hon. Bill Pemberton, page 5 (WW-1192)


APPROVED:

OPINION COMMITTEE

W  V. Geppert, Chairman

J  C  Davis

J. T. Walker

T. B. Wright

REVIEWED FOR THE ATTORNEY GENERAL
BY;  Howard W. Mays