

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

Affirmed by _C-108_

August 22, 1962

Hon. Norman W. Barr
County Attorney
Tom Green County
San Angelo, Texas

Dear Mr. Barr:

Opinion No. WW-1421

Re: Whether the game called
"Tel-A-Bingo" which appears
on television constitutes a
lottery under stated facts.

You have requested an opinion concerning whether a certain television program called "Tel-A-Bingo" constitutes a lottery under the following facts submitted in your request:

"The game played is called 'Tel-A-Bingo,' which is sponsored by some twenty-odd merchants and which appears once each day over the local television station. Cards for playing the game may be obtained either by visiting one of the local merchants sponsoring the game or by writing the television station and having a card mailed free of charge and post paid to the participant. The cards are given free and no payment for the card or purchase is necessary in order to obtain the same. The television program lasts thirty minutes each day and during the program numbers are called out and the names of merchants participating are given. A winner must contact the station within a specified period of time and receives a cash prize."

Article 654, Vernon's Penal Code, provides:

"If any person shall establish a lottery or dispose of any estate, real or personal, by lottery, he shall be fine not less than one hundred nor more than one thousand dollars; or if any person shall sell, offer for sale or keep for sale any ticket or part ticket in any lottery, he shall be fine not less than ten nor more than fifty dollars."

Every lottery, as judicially defined in this state, consists of the following three essential elements: (1) a prize or prizes, (2) the award or distribution of the prize or prizes by chance, and (3) payment either directly or indirectly by the

participants of a consideration for the right or privilege of participating. Cole v. State, 122 S.W.2d 725 (Tex.Crim. 1937); Smith v. State, 127 S.W.2d 297 (Tex.Crim. 1939); Brice v. State 242 S.W.2d 433 (Tex.Crim. 1959).

Since the elements "prize" and "chance" are clearly present in the facts outlined in your request, your question involves the presence or absence of the element of consideration.

Sponsoring merchants of this program are using it to advertise and solicit business for their stores and products. They evidently feel that the patronage and good will created by this game of chance justifies their sponsoring cost. The question to be resolved is whether this patronage and good will constitutes "consideration."

The two leading Texas cases on this question are Smith v. State, 127 S.W.2d 297 (Tex.Crim. 1939), where the Court held that it did, and Brice v. State, 242 S.W.2d 433, (Tex.Crim. 1951), where the Court held that it did not.

In the Smith case, the customer was required to visit some sponsoring merchant in order to secure the cards by which to play the game. He was also required to surrender box tops, wrappers, cartons, or containers of any commodity that was sold by any member of the organization. Some such wrappers, containers, etc., would be good for more stamps than others, governed by the price of the commodity that was originally contained in such containers. The Court, upon these facts, held that the license fee payed by the participating merchant was the payment of consideration moving indirectly from the contestant and directly to the owner of the game. On Appellant's Motion for Rehearing, the Court said:

> "Consequently, parties desiring to secure a chance at the prize would necessarily have to go to such merchant of business establishment as had contributed to the general fund. As a result, the good will and patronage of the person favored with the cards is secured. This patronage, whatever it may be, is given in exchange for cards and stamps, which is an indirect benefit to the operator of the scheme, and enables him to continue his game of chance. It is a bait handed out to the gullible as an inducement to become customers of the dealers or merchants subscribing to the plan."

In the Brice case, the public was invited to the opening of Defendant's new store and to register for prizes to be

Hon. Norman Barr,   page 3   (WW-1421)


given away.  The Court, in holding that this was not a lottery, said:

> "Under the authorities mentioned, we must con-
> clude that in the absence of any character of
> favoritism shown to customers, the lottery statute,
> Article 654, P.C., is not violated under a plan
> whereby a merchant awards a prize or prizes by
> chance to a registrant without requiring any regis-
> trant to be a customer or to purchase merchandise
> or to do other than to register without charge at
> the store, though the donor may receive a benefit
> from the drawing in the way of advertisement."

And on the Motion for Rehearing, said:

> "The 'consideration' in this case which moves
> from the parties participating in the drawing for
> the prize, or prizes, to Appellant is entirely
> fanciful.  It is not sufficiently substantial to
> be classed as a reality."

The principle laid down in the Brice case was reiterated in F.C.C. v. American Broadcasting Co., 347 U.S. 284, 75 S.Ct. 593, 98 L.Ed. 699 (1954).  There the Supreme Court held that a "give-away" program on radio and television was not a lottery. The Court, upon the question of consideration, said:

> "The Courts have defined consideration in
> various ways, but so far as we are aware none
> has ever held that a contestant listening at home
> to a radio or television program satisfies the
> consideration requirement. ... To be eligible for
> a prize from the 'give-away' program involved here,
> not a single home contestant is required to pur-
> chase anything, or pay any admission price or leave
> his home to visit the promoter's place of business;
> the only effort required for participation is
> listening."

> "We believe that it would be stretching the
> statute to the breaking point to give an inter-
> pretation that makes such programs a crime."

It is our opinion that the facts in the Smith case dis-
tinguish it from this case and that the holdings in Brice v.
State, supra, and F.C.C. v. American Broadcasting Co., supra,

are controlling here.   You are therefore advised that in our opinion the game, "Tel-A-Bingo" as described in your request does not violate Article 654, Penal Code of Texas.

## S U M M A R Y

The advertising program described in your request is not a lottery within Article 654, Penal Code of Texas, because of the absence of any consideration passing either directly or indirectly from the participant to the donor.

Yours very truly,

WILL WILSON

By

Marvin F. Sentell
Assistant Attorney
General

MFS:bjh

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Gordon Zuber
Bill Colburn
Ben Harrison
W. O. Shultz

REVIEWED FOR THE ATTORNEY GENERAL
BY:   Leonard Passmore