

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 12, 1967

Honorable Henry Wade
District Attorney
Dallas, Texas

Dear Sir:

Opinion No. M-6

Re: Whether under the stated facts, a contest known as "Let's Go To The Races" constitutes a lottery?

You have requested an opinion of this office as to whether a contest known as "Let's Go To The Races", conducted under the following circumstances constitutes a lottery:

"An individual presents himself at a certain business address and receives a card such as that enclosed and marked 'Exhibit A.' As stated on the card, no purchase is necessary to obtain such a card. The individual then in accordance with the rules compares the numbers on his card with numbers flashed upon a TV screen or numbers posted at the business address to ascertain the winner of amounts ranging from $5.00 to $1,000.00."

We are in agreement with you that a contest conducted in accordance with the above facts would not constitute a lottery within the meaning of Article 654, Vernon's Penal Code.

In State v. Socony Mobil Oil Company, Inc., 386 S.W. 2d 169 (Tex. Civ. App. 1964, error ref. n.r.e.), the Court held that a lottery is composed of three elements:

"(1) A prize or prizes; (2) the award or distribution of the prize or prizes by chance; (3) the payment either directly or indirectly by the participants of the consideration for the right or privilege of participating."

In Brice v. State of Texas, 156 Tex.Cr.R. 372, 242 S.W.2d 433, (1951), the public was permitted to register for prizes

to be given away on a certain day; no charge was made for the privilege of registering; anyone could register; he was not required to be a customer; and no consideration was charged to be present at the drawing for the prize winners. The Court held that this was not a lottery in that the participants in the prize drawing did not pay, directly or indirectly, any consideration for participating in the drawing, a necessary element of a lottery. The Court of Civil Appeals in State of Texas v. Socony Mobil Oil Company, supra, cited the Brice case with approval in holding that the payment of a consideration, either directly or indirectly, for the privilege of participating in the contest is an indispensable element to constitute such a contest a lottery.

## S U M M A R Y

The contest known as "Let's Go To The Races" conducted in accordance with the facts stated, does not constitute a lottery in violation of Article 654, V.P.C., in that no consideration was paid, directly or indirectly, by the participants for the privilege of participating in the contest.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

RWN:lk

Prepared by Robert W. Norris
Assistant Attorney General

APPROVED:
OPINION COMMITTEE
Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
Tom Keever
Thomas Mack
Wade Anderson
R. L. Lattimore

Staff Legal Assistant
A. J. Carubbi, Jr.