

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 30, 1969

Honorable Oscar B. McInnis
Criminal District Attorney
Hidalgo County Courthouse
Edinburg, Texas

Opinion No. M481

Re: Whether under certain
stated facts a so-called
bingo game conducted over
cable TV constitutes a
lottery?

Dear Mr. McInnis:

You have requested an opinion from this office concerning the following facts:

"A Cable Television Company operating in this area proposes to conduct a Bingo Game on their Cable Television System. The Cable Television Company sells service to subscribers much like the telephone company and included are the channels for the two local stations, the three Corpus Christi stations, three Monterrey, Mexico stations, a local time and temperature channel and local channel for movies and other studio presentations of the Cable Television Company. The charge is $3.00 or $4.00 per month to each subscriber for the service.

"The proposed game would be on the order of a Bingo game, with cards to be furnished to anyone who wished to play without charge and without the obligation to make any purchase. The sponsor would see to it that Bingo cards were available at various outlets to anyone interested in playing. The scheme would probably be advertised locally in the newspapers, radio, and perhaps the other television stations, as well as the Cable Television channel.

Bingo games would be played two or three nights a week and there would be five games. As the numbers for each game were called, as soon as a winner had properly filled in his card he would call the local number for the Cable Television Company, and, after a spot verification by telephone, a new game would be started until all five games had been played. It would later be necessary for the winner to bring his card to the Cable Television Company office to verify that he did have a card that was properly issued by the sponsor. A prize of money or merchandise would be given to each winner.

"In order to find out what numbers were being called, it would be necessary for the viewer to watch on a television set which was connected to the Cable Television System. It would not be necessary for the winner to be a subscriber to the Cable Television System or a member of his family. Anyone who had one of the cards and had knowledge of the numbers being called would be eligible to win."

In State v. Socony Mobil Oil Company, Inc., 386 S.W.2d 16⁴. (Tex.Civ.App. 1964, error ref. n.r.e.) the court set forth the three elements of a lottery. At page 172, the court said:

"Thus we see that a lottery is composed of three elements, to-wit: (1) a prize or prizes; (2) the award or distribution of the prize or prizes by chance; (3) the payment either directly or indirectly by the participants of a consideration for the right or privilege of participating."

It is clear that two of the three elements of a lottery. a prize or prizes and the awarding thereof by chance, are present in the Bingo Game as outlined in your letter. We will, therefore, focus our attention on whether or not the element of consideration is present.

The Texas Court of Criminal Appeals, in Brice v. State, 156 Tex. Crim. 372, 242 S.W.2d 433, 435 (1951), had before it a scheme wherein merchants awarded a prize or prizes by chance to registrants at a store, and registrants were not required to purchase anything but merely to register in the drawing.  The merchant thereby received the benefits of advertising.  The Court said:

"Under the authorities mentioned, we must conclude that in the absence of any character of favoritism shown to customers, the lottery statute, Art. 654, P.C., is not violated under a plan whereby a merchant awards a prize or prizes by chance to a registrant without requiring any registrant to be a customer or to purchase merchandise or to do other than to register without charge at the store, though the donor may receive a benefit from the drawing in the way of advertising."

On Motion For Rehearing, the Court further held:

"The 'consideration' in this case which moves from the parties participating in, the drawing for the prize, or prizes, to appellant is entirely fanciful. It is not sufficiently substantial to be classed as a reality."   (Emphasis added.)

See also American Broadcasting Cases, 347 U.S. 284, 98 L.Ed. 699 (1954).

From the facts you relate, no subterfuge is shown, as existed and found in Cole v. State, 133 Tex. Crim. 548, 112 S.W. 725.  The mere fact that cable TV subscribers are in a more favorable position to win at the game does not constitute a subterfuge.  Likewise, the mere fact that the donor may receive a benefit in the way of advertising does not constitute consideration for purposes of a lottery in the State of Texas.  The only consideration apparent in the TV cable subscriber's contract is the payment of a fee merely to watch and listen.  Under the instant plan a person must complete his bingo card, either by watching a television set connected

to the cable system or obtaining information from some other person who has such a television connection. No payment for any purpose is necessary as a condition to receiving a prize, and there is no requirement that a person be a subscriber in order to win. It is our view that any consideration, other than advertising, involved in the foregoing procedure would be "fanciful" or inconsequential, and not fall within the terms of Article 654, Vernon's Penal Code. In Attorney General's Opinion No. C-108 (1963), it was held that a scheme whereby merchants sponsored bingo on television, with the first party calling in with a "bingo" winning a prize, was not a lottery, the element of consideration being absent therefrom. In support of this opinion is cited Attorney General's Opinions Numbers WW-652 (1959) and WW-1421 (1962), involving similar prize winning schemes over TV in which the element of consideration was not present.

You are therefore advised that it is the opinion of this office that the aforementioned plan of the cable television company does not constitute a lottery within the terms of Article 654.

## S U M M A R Y

Under the stated facts, a cable television company which sponsors a bingo type game over its facilities is not engaged in a lottery in violation of Article 654, Vernon's Penal Code.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Malcolm L. Quick
Assistant Attorney General

Honorable Oscar B. McInnis, page 5 (M-481)


APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman

W. O. Shultz
Alfred Walker
Harold Kennedy
Bill Allen
Richard Chote

MEADE F. GRIFFIN
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant

NOLA WHITE
First Assistant