Honorable James S. McGrath Criminal District Attorney P.O. Box 2553 Beaumont, Texas 77704
Re: Whether a lottery occurs where persons make donations to a non-profit organization and receive thereby a chance to win a painting
Dear Mr. McGrath:
You ask the following questions:
 1. Is it a `lottery' if a nonprofit organization gives away artistic paintings to holders of numbered tickets, where the winners are chosen at random, and where each person receiving a numbered ticket is asked to make a donation for the purchase of art collections?
 2. If your answer to question number 1 is `no,' would your answer be different if persons making donations should be given more tickets and hence, more chances of winning than those who do not make donations?
You indicate that tickets for the drawing will be made available at no cost but that persons who want a ticket will be asked to make a "voluntary" donation. Your letter states that all tickets will in fact bear the statement "[d]onations of $5.00 requested."
A "lottery" is defined in section 47.01(6) of the Texas Penal Code as follows:
 'Lottery' means any scheme or procedure whereby one or more prizes are distributed by chance among persons who have paid or promised consideration for a chance to win anything of value, whether such scheme or procedure is called a pool, lottery, raffle, gift, gift enterprise, sale, policy game, or some other name.
See also Tex. Const. art. III, § 47.
The promotion you describe is intended to raise money for a charitable purpose. Nevertheless, as the court stated in State v. Amvets Post Number 80, 541 S.W.2d 481, 483 (Tex.Civ.App.-Dallas 1976, no writ), "a lottery is no less a lottery if the proceeds are used for charitable purposes." See also Attorney General Opinion H-820 (1976). There is only a limited "bingo" exception for charities under article III, section 47(b). See V.T.C.S. art. 179d.
Under section 47.01(6), three elements comprise an illegal "lottery": (1) one or more prizes, (2) distribution of the prizes by chance, and (3) the payment or promise of consideration for the chance to win. This statutory definition echoes the established definition of a "lottery" under article III, section47 of the Texas Constitution and under prior Penal Code provisions. See Brice v. State, 242 S.W.2d 433, 434
(Tex.Crim.App. 1951); Griffith Amusement Co. v. Morgan,98 S.W.2d 844, 845 (Tex.Civ.App.-Austin 1936, no writ). You suggest that the element of consideration is lacking in the situation you describe because it is possible to obtain a ticket without making a donation. Although the courts in Brice v. State and Griffith Amusement Co. v. Morgan found that no "lottery" occurred, both cases involved promotions where no charge of any kind was exacted from any of the registrants. See also State v. Socony Mobil Oil Company, Inc., 386 S.W.2d 169 (Tex.Civ.App.-San Antonio 1964, writ ref'd n.r.e.).
Numerous Texas court cases and Attorney General Opinions have addressed proposals similar to the one you are investigating and have held that they constitute "lotteries." See Attorney General Opinion H-820 (1976) (and cases cited therein). In Attorney General Opinion H-820, this office determined that a proposal to distribute tickets to persons who make a charitable "donation" of a designated sum is indistinguishable from an outright sale of tickets. As the Texas Supreme Court stated in City of Wink v. Griffith Amusement Co., with regard to a similar drawing:
 True, no doubt if anyone had applied for a free registration to the drawing, it would have been given, but human nature is such that the average person would seldom, if at all, suffer the natural embarrassment of asking for a free registration. (Emphasis in original).
100 S.W.2d 695, 697 (Tex. 1936).
Further, the fact that one person receives a chance to win for free while another person "pays" for the chance does not negate the fact that someone in the contest has paid consideration for the chance to win. Of course, if in fact no one actually makes a donation, then no lottery would occur. As a practical matter, we agree with the court in City of Wink. If the organization did not anticipate some donations, no drawing would be held.
Consequently, a drawing held by a nonprofit organization where tickets for the drawing are available for free but where persons who request tickets are asked to make a donation would constitute a "lottery" unless no one actually made a donation. Accordingly, we need not reach your second question.
 SUMMARY
A random drawing for artwork, sponsored by a nonprofit organization, in which tickets are available for free but where persons who request tickets are asked to make a donation constitutes a "lottery" under section 47.01(6) of the Texas Penal Code once any person actually makes a donation for a ticket.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Jack Hightower First Assistant Attorney General
 Mary Keller Executive Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Jennifer Riggs Assistant Attorney General